[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12165
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-14420-KMM

DAVID HERNANDEZ,

Plaintiff-Appellant,

versus

SECRETARY FLORIDA DEPARTMENT OF CORRECTIONS, et al.,

Defendants,

DR. CHRYSSIADIS,
Chief Healthcare Administrator of Operations,
et al., in their official and individual capacity,
SHARON DANIELS,
Senior Health Care Administrator,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 20, 2015)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

David Hernandez is a Florida prison inmate. In his *pro se* complaint in this case, he alleges that in the evening of August 9, 2010, he slipped and fell while coming out of the shower at Martin Correctional Institution ("MCI") and dislocated his right shoulder. He claims that Dr. Mary Chryssiadis, the Chief Health Administrator at MCI delayed in providing him with adequate pain medication and consequently caused him to suffer unnecessary pain. He claims that Sharon Daniels, the Health Service Administrator at MCI, delayed in rescheduling his cancelled appointment with the orthopedic surgeon, and that delay caused him to suffer unnecessary pain. He alleges that these two individuals were indifferent to his serious medical needs, in violation of the Eighth Amendment, and seeks damages pursuant to 42 U.S.C. § 1983.

After the parties joined issue and following discovery, both sides moved the District Court for summary judgment. The court referred the motions to a Magistrate Judge, and he recommended that the court grant the defendants' motions.[1] The District Court followed the recommendation and granted defendants summary judgment.[2] Hernandez appeals the court's order granting the

---

[1] The Magistrate Judge agreed with the defendants that the record failed to establish the constitutional violations alleged. Since he concluded that a constitutional claim of deliberate indifference had not been established, he did not address the defendants' argument that they were entitled to qualified immunity.

defendants' summary judgment and denying his motion for summary judgment. He argues that the evidence, including the medical records, the several grievances he filed complaining of the quality of the medical care he was provided, and his own affidavit, supported the granting of summary judgment in his favor. We disagree and accordingly affirm.

I.

We review the District Court's grant of summary judgment *de novo*, viewing all evidence and the inference it yields in the light most favorable to Hernandez. *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005). Summary judgment is appropriate when the record shows that there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. *Id.*

The Eighth Amendment forbids "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has interpreted the Eighth Amendment to include "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.E.2d 251 (1976).

---

[2] The Magistrate Judge recommended that Hernandez's motion for summary judgment be denied, and the District Court ruled accordingly. The Magistrate Judge also denied Hernandez's motion to strike certain evidence the defendants submitted in support of their motions for summary judgment. Hernandez challenges the ruling in this appeal. We find no abuse of discretion in the ruling and therefore reject Hernandez's challenge.

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). First, a plaintiff must show that he had an objectively serious medical need, that the defendants' were deliberately indifferent to that need; and that there was a causal link between that indifference and the plaintiff's injury. *Mann v. Taser Intern., Inc.,* 588 F.3d 1291, 1306-07 (11th Cir. 2009). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Farrow,* 320 F.3d at 1245 (quotation omitted). In either situation, the need must be "one that, if left unattended, poses a substantial risk of serious harm." *Id.* (quotations and alteration omitted).

To establish the sort of constitutional violations Hernandez has alleged, the plaintiff must show that the defendant (1) had subjective knowledge of a risk of serious harm, (2) disregarded the risk, and (3) displayed conduct beyond gross negligence. *Id.* at 1245. In other words, the plaintiff must demonstrate that the defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and drew the inference. *Id.* (quotation omitted). Conduct that is more than mere negligence includes, *inter alia*, grossly inadequate care and a delay in treatment. *McElligott v. Foley*, 182 F.3d 1248, 1255

4

(11th Cir. 1999).  Even when treatment is ultimately provided, deliberate indifference may be "inferred from an unexplained delay in treating a known or obvious serious medical condition," and the reason for the delay is relevant in determining whether there has been unconstitutional conduct.  *Id.* (citation omitted).  Choosing an easier but less efficacious course of treatment can also demonstrate deliberate indifference.  *Id.*

However, neither a difference in medical opinion between the inmate and the care provider, nor the exercise of medical judgment by the care provider, constitutes deliberate indifference.  *See Estelle*, 429 U.S. at 108, 97 S.Ct. at 293.  Medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.  *Harris v. Thigpen*, 941 F.2d 1945, 1505 (11th Cir. 1991).  In the context of a correctional system's response to a prisoner's medical needs, medical treatment only violates the Eighth Amendment if it amounts to an "unnecessary and wanton infliction of pain."  *Id.* at 1504-05 (quotation omitted).

The District Court's decision to grant the defendants, and deny Hernandez, summary judgment was appropriate because the record supports a finding that the defendants were not deliberately indifferent to his shoulder injury.  From the morning after the injury and throughout his entire time at MCI, Dr. Chyrssiadis

5

provided ongoing care, even when he refused physical therapy. Any contentions about the type of medication or treatment he received amounted to complaints about Dr. Chryssiadis's exercise of medical judgment, which do not rise to the level of deliberate indifference. As for Daniels, she responded to Hernandez's grievance about a cancelled appointment, informing him that the appropriate personnel had rescheduled the appointment. Thus, neither Dr. Chryssiadis nor Daniels acted with deliberate indifference to Hernandez's needs, and summary judgment was appropriately granted in their favor.

AFFIRMED.